## CIRCUIT COURT OF THE CITY OF RICHMOND

DKM Richmond Associates

v.

City of Richmond

March 21, 1994

BY JUDGE T. J. MARKOW

This case came before the court on March 1, 1994, for hearing on the parties' cross motions for summary judgment. Each, however, presented evidence and, in essence, a trial was conducted as the court heard arguments and received submissions and evidence of the parties.

The plaintiff, DKM Richmond Associates, L.P., owns a parcel of land and improvements located at 823 East Main Street in Richmond, Virginia (the Property). In 1988, plaintiff completed a rehabilitation project on the Property, which increased its assessed value from $5,475,000.00 to $13,550,000.00. Plaintiff applied to the defendant, the City of Richmond, for a rehabilitation tax credit memorandum pursuant to § 28–86 of the City of Richmond Code. Defendant granted plaintiff a tax credit based on the difference between the Property's assessed value immediately after rehabilitation (the "initial rehabilitation value") and the Property's assessed value prior to rehabilitation (the "base value"), which credit amounted to $8,075,000.00. Pursuant to Richmond Code § 28-86, plaintiff's tax credit had a duration of five years.

In 1989, 1990, and 1991, plaintiff paid real estate taxes to defendant which were computed on the basis of the Property's land value, the base value, and any assessed value above the initial rehabilitation value. In each of these years, defendant issued plaintiff a tax credit memorandum which granted plaintiff a tax exemption for the Property's value above the base value and below the initial rehabilitation value. During these years, plaintiff did not pay any real estate taxes on

the portion of the Property's value above the base value and below the initial rehabilitation value.

In early 1992, plaintiff applied to defendant for a reassessment of the Property's value to reflect the declining real estate market. While plaintiff's application for reassessment was pending, plaintiff paid $90,637.00 in real estate taxes on the Property. This amount reflected the application of the credit based on the Property's assessed value. Thereafter, defendant granted plaintiff's request for a reduced assessment on the Property. This resulted in a reduction in the assessed value of the Property from $14,175.000.00 to $6,600,000.00. At the same time, defendant informed plaintiff that the amount of the rehabilitation tax credit had also been reduced from $8,075,000.00 to $525,000.00 for the 1992 tax year. By decreasing the amount of the credit, plaintiff owed the same amount of net taxes as it owed before the reassessment of the Property's value.

Plaintiff contests defendant's reduction of the amount of the rehabilitation tax credit. Plaintiff argues that Richmond Code § 28–86, which was renumbered to § 27–83, provides that the credit shall be based on the difference between the base value and the initial rehabilitation value. While the ordinance provides that the Credit will not be increased if the assessed value of the property increases during the period of the credit, the ordinance does not address whether the credit may be reduced if the assessed value of the property decreases. Accordingly, plaintiff asserts, the defendant lacked the authority to reduce the amount of the credit. Plaintiff contends that its real estate taxes should be based on the amount of the original credit. Because the amount of the original credit exceeds the reappraised value of the Property, plaintiff argues that it should not be required to pay any real estate taxes on the Property for the 1992 and 1993 tax years, and should receive a refund for real estate taxes paid for 1992. During oral argument, plaintiff abandoned its claim that the defendant applied the rehabilitation tax credit to plaintiff in a manner different from that applied to similarly situated properties.

Defendant counters that its administration of the credit is proper and consistent with the Constitution of Virginia, and the enabling legislation and ordinance providing for plaintiff's tax credit. Defendant asserts that granting summary judgment for plaintiff would have the effect of transforming plaintiff's partial tax exemption into a total tax

exemption, in contravention of the Virginia Constitution as well as the enabling legislation and the ordinance.

The issue before the court is whether defendant acted properly in reducing plaintiff's rehabilitation tax credit following the reduction of the assessed value of the Property.

In resolving this issue, the court must follow several well-settled rules. The general policy of the Commonwealth is to tax all property. *See* Va. Const., art. X, § 1. Exemption from taxation is the exception. *See Commonwealth v. R. & P. RR. Co.*, 81 Va. 355, 358–59 (1886). Accordingly, an exemption from taxation is to be strictly construed against the taxpayer, with all doubts resolved in favor of the taxing authority. *See* Va. Const., art. X, § 6(f); *Forst v. Rockingham*, 222 Va. 270, 275 (1981). The taxpayer bears the burden of showing that he comes within the tax exemption. *Commonwealth v. Manzer*, 207 Va. 996, 1000 (1967).

Virginia's Constitution provides authority for granting tax exemptions. Article X, § 6(a), provides, in pertinent part, that: "the following property and no other shall be exempt from taxation, state and local, including inheritance taxes . . . ." None of the exemptions enumerated in Article X is applicable to the Property with the exception of that set forth in § 6(h). That exemption provides, as pertinent, that:

> The General Assembly may, by general law authorize the governing body of any . . . city . . . to provide for a partial exemption from local real property taxation, within such restrictions and upon such conditions as may be prescribed, of real estate whose improvements, by virtue of age and use, have undergone substantial renovation, rehabilitation or replacement.

Va. Const., art. X, § 6(h).

Pursuant to the authority provided by Virginia's Constitution, the General Assembly enacted legislation which allows local governing bodies to provide partial exemptions from taxation for rehabilitated real properties. *See* Va. Code § 58.1–3221. This enabling legislation allows local governments to establish various restrictions and criteria for determining those properties entitled to the partial tax exemption. *See Id.* Richmond's City Council, pursuant to the enabling legislation, enacted Richmond Code § 28–86 (now § 27–83) to permit partial tax

exemptions for qualifying rehabilitated real properties. Richmond Code § 28–86(c) provides, as pertinent:

> The owner (as herein provided) of property qualifying for partial exemption of real estate taxes because of rehabilitation of a structure shall be issued a credit memorandum in the amount of the difference in taxes computed upon the base value and the initial rehabilitation assessed value of the property for each year of the five-year period of partial exemption from real estate taxes. An increase in assessment occurring after the first year of such rehabilitation exemption (i.e., credit) shall not qualify for an increase in such exemption.

As noted, the ordinance is silent on whether a property owner's credit may be reduced in the event that the assessed value of the property decreases during the period of the credit.

Guided by the foregoing, the court finds that defendant's reduction of plaintiff's tax exemption is consistent with the constitutional and statutory authority. Article X, § 6(a), of the Virginia Constitution, entitled "Exempt Property," provides that "[e]xcept as otherwise provided in this constitution, the following property and no other shall be exempt from taxation . . . ." The only subsection that could be construed to apply to plaintiff's Property is section 6(h), which clearly states that the tax exemption for rehabilitated property is to be a partial exemption. In addition, both the enabling legislation and the ordinance expressly provide for a partial tax exemption for qualifying rehabilitated property. There is no constitutional or statutory authority for granting plaintiff a total exemption on real estate taxes on the Property.

Although no statutory authority expressly provides that the rehabilitation tax credit may be reduced if the assessed value of property decreases during the period of the credit, there is no statutory authority which would preclude the reduction of the credit under such circumstances. In the absence of a statute or ordinance addressing the status of the rehabilitation tax credit following the reduction in the property's assessed value, defendant was forced to administer the ordinance in a manner consistent with the Virginia Constitution and the statutory authority. By reducing plaintiff's tax credit following the reduction in the Property's assessed value, defendant administered the tax credit in accordance with the Virginia Constitution and statutory authority. Had the defendant maintained plaintiff's tax credit after the reduction in the

Property's assessed value, plaintiff would have effectively been granted a total tax exemption. This result would have violated the Virginia Constitution, the enabling legislation, and the ordinance. Plaintiff has cited no statutory authority by which it could be granted a total tax exemption for the Property because none exists. Finally, the reduction of plaintiff's tax credit upon the decline of the property's assessed value is consistent with the purpose underlying the constitutional authority, the enabling legislation, and the ordinance. Those enactments sought to encourage rehabilitation of certain properties by providing property owners with a tax exemption limited to that portion of the assessed value attributable to the rehabilitation. Never was it intended that the exemption apply to the value of the land or to improvements that existed before the rehabilitation effort. Under defendant's application of the credit, plaintiff would continue to be exempt from real estate taxes on that portion of the Property's value attributable to the rehabilitation. Under plaintiff's construction of the ordinance, it would have the credit apply to the land and to the pre-rehabilitation improvements. That would be in conflict with the constitution, the statute and the ordinance.

Accordingly, for the foregoing reasons, the court determines that the defendant must prevail. Judgment will be entered in its favor.